UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

 Plaintiff,

v.               Case No.:  2:23-cv-927-SPC-NPM

JADESTATION HOLDINGS, LLC,

 Defendant.
_____/

## ORDER

 Before the Court is Plaintiff Westchester Surplus Lines Insurance Company's Complaint for Declaratory Judgment.  (Doc. 1).  Plaintiff sues because it wants the Court to "resolve questions of actual controversy involving a commercial property insurance policy issued to" Defendant Jadestation Holdings, LLC.  (Doc. 1 at 1).  Plaintiff insured two of Defendant's buildings that Hurricane Ian allegedly damaged.  Defendant has invoked appraisal under the insurance policy, but the parties cannot agree on its scope and other matters.  But the Court must dismiss the Complaint for lack of subject matter jurisdiction.

 Federal courts have limited jurisdiction and must ask about their jurisdiction sua sponte when it is lacking.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168

F.3d 405, 410 (11th Cir. 1999). A plaintiff filing in federal court "must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268-69 (11th Cir. 2013). If the court has no jurisdiction, it "must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff cites diversity jurisdiction as the basis for subject matter jurisdiction. *See Wendy's Int'l, Inc. v. Birmingham*, 868 F.2d 433, 435 (11th Cir. 1989) (explaining that before declaratory relief is available under the Act, an independent basis for federal jurisdiction must be established). A court has such jurisdiction (1) if the parties are citizens of different states; and (2) the amount in controversy exceeds $75,000. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). But Plaintiff has satisfied neither requirement.

First is citizenship. For a limited liability company, like Defendant, it is a citizen of every state in which one of its members is domiciled. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). Each LLC member must be diverse from the opposing party. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224-25 (11th Cir. 2013). The Complaint identifies Defendant's sole member, Jan Yi Luo and then says Jan Yi Luo is a Florida citizen because he lives at an address in Doral, Florida. Not quite. Residency is not enough to prove citizenship.

*See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Rather, citizenship is determined by the person's "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Plaintiff simply cannot rely on Jan Yi Luo's residency to show citizenship.

Second is the amount in controversy. To the extent that Plaintiff tries to aggregate the damage at each building to exceed the $75,000 threshold, it provides no authority on its ability to do so. The Complaint also mentions Plaintiff issuing payment to Defendant for $41,401.94, but nothing is said on whether Plaintiff accepted payment, which could affect the amount in controversy. *See, e.g.*, *Murphy v. First Liberty Ins. Co.*, No. 2:19-cv-737-FtM-60MRM (M.D. Fla. Mar. 2, 2020) ("The amount in controversy in this case is calculated by subtracting the deductible from the total purported damages.").

In sum, because the Notice of Removal lacks enough information on citizenship and the amount in controversy, the Court dismisses the Complaint.

Accordingly, it is now

**ORDERED:**

1. The Complaint for Declaratory Judgment (Doc. 1) is **DISMISSED without prejudice.**

2. Plaintiff Westchester Surplus Lines Insurance Company may file an amended complaint on or before **November 3, 2023.  Failure to do so may result in the Court closing this action without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on October 27, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record